Citation Nr: 1617284 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 08-31 264 ) DATE
 )
 )

On appeal from the decision of the 
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Entitlement to a disability rating in excess of 30 percent for service-connected peripheral neuropathy of the right upper extremity and carpal tunnel syndrome.

2. Entitlement to a disability rating in excess of 20 percent for service-connected peripheral neuropathy of the left upper extremity and carpal tunnel syndrome.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran 



ATTORNEY FOR THE BOARD

K. Forde, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from April 1968 to April 1970, including service in the Republic of Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February 2007 and October 2008 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

The Veteran testified at a video conference hearing before a Veterans Law Judge (VLJ) in August 2009. A transcript of the hearing has been associated with the Veteran's claims file. In a March 2010 letter, the Veteran and his representative were provided notice by the Board that the VLJ who conducted that hearing was no longer employed by the Board, and that he could request another hearing before a different VLJ. The Veteran was given 30 days to respond. As neither the Veteran nor his attorney have requested that a hearing before another VLJ be scheduled, the Board will proceed with review of the case. See 38 C.F.R. § 20.707.

In February 2010, the Board remanded the matter for additional development. 

The Board has reviewed all pertinent evidence in the Veteran's claims file, which has been converted in its entirety to an electronic record as part of VA's paperless Veterans Benefits Management System (VBMS).

The issue of entitlement to special monthly compensation (SMC) pursuant to 38 U.S.C.A. § 1114(s)(1) has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b)(5). 



FINDING OF FACT

On March 14, 2016, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that a withdrawal of this appeal is requested.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2015). Withdrawal may be made by the Veteran or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran has withdrawn this appeal via a March 2016 written statement and, hence, there remains no allegation of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.


ORDER

The appeal is dismissed.


 
STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs